**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| MARC R. LABGOLD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| LINDA D. REGENHARDT, et al. ) | |
| ) | |
| Defendants. ) | |

## **DEFENDANTS' NOTICE OF REMOVAL**

**COME NOW** Defendants Linda D. Regenhardt, Esq. and Linda Regenhardt, LLC ("Defendants"), by counsel, who submit the following Notice of Removal of this case from the Circuit Court for the City of Alexandria, Virginia to the United States District Court for the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**I.  Introduction.**

1.  Pursuant to the complaint, this is a lawsuit for legal malpractice arising from Ms. Regenhardt's representation of Plaintiff Marc R. Labgold in a Chapter 7 bankruptcy action, which was filed in the United States Bankruptcy Court for the Eastern District of Virginia. *See, e.g.*, Compl., ¶¶ 16-18, 30-37, attached hereto as Exhibit A.

2.  Plaintiff filed the complaint on July 22, 2016, in the Circuit Court for the City of Alexandria, Virginia. *See* Ex. A. The complaint seeks at least $1,000,000 in damages. The matter was assigned Case No. CL16002964 by the Circuit Court for the City of Alexandria, Virginia.

3.  Service of process was made on Defendants on November 10, 2016.

4. Pursuant to 28 U.S.C. § 1446(b)(2)(B), "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." As the Defendants were served on November 10, 2016, this means that the instant Notice of Removal satisfies the timing requirements of 28 U.S.C. § 1446(b)(2)(B).

**II.   This Court has subject matter jurisdiction by virtue of diversity jurisdiction pursuant to 28 U.S.C. § 1332.**

5. As alleged in the complaint, plaintiff Marc R. Labgold ("Mr. Labgold") is a resident of the Commonwealth of Virginia. *See* Ex. A, ¶ 1.

6. Defendant Linda D. Regenhardt, Esq. is a resident of the State of Maryland. As further alleged in the Complaint, her principal place of business is located in the Commonwealth of Virginia. *See* Ex. A, ¶ 2.

7. Defendant Linda Regenhardt, LLC is a Maryland limited liability corporation, and the sole member, Linda D. Regenhardt, is a citizen of the State of Maryland. As alleged in the complaint, its principal place of business is located in the Commonwealth of Virginia. *See* Ex. A, ¶ 3.

8. Diversity of citizenship is satisfied. Diversity exists under 28 U.S.C. § 1332 as the lawsuit is brought by a Virginia resident against a Maryland resident and a Maryland limited liability company whose sole member is a citizens of Virginia. Defendant Linda Regenhardt, LLC is not incorporated in or otherwise has any presence in Virginia for purposes of diversity jurisdiction. Moreover, 28 U.S.C. § 1332's amount in controversy requirement is also satisfied as the complaint seeks in excess of $75,000.

**III.   Removal is Proper.**

9.   As stated above, the Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1332.  Moreover, this notice of removal is timely filed as it is filed within 30 days of service upon Defendants.  Defendants, by virtue of filing this notice of removal, consent to removal.  Accordingly, this matter is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

10.   Defendants filed an answer to the complaint with the Circuit Court for the City of Alexandria, Virginia.  A copy of this pleading is attached hereto as Exhibit B to this Notice of Removal.

11.   Defendants are simultaneously filing a notice of filing of notice of removal with the Clerk of the Circuit Court for the City of Alexandria, Virginia.

12.   Consistent with the requirements of 28 U.S.C. § 1446, Defendants attach "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *See* Exhibit A.

**IV.   Conclusion.**

13.   Based on the foregoing, Defendants respectfully request the removal of this claim to the United States District Court for the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and for such other and further relief as to this Court may seem just and appropriate.

Dated:  November 28, 2016                               Respectfully submitted,

                                                                 **LINDA D. REGENHARDT, ESQ. and LINDA REGENHARDT, LLC**
By Counsel

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP


/s/ Darcy C. Osta
Matthew W. Lee (VA Bar No. 40067)
Darcy C. Osta (VA Bar No. 76608)
8444 Westpark Drive, Suite 510
McLean, Virginia 22102
703.245.9300
703.245.9301 (Facsimile)
Matthew.Lee@wilsonelser.com
Darcy.Osta@wilsonelser.com
*Counsel for Linda D. Regenhardt and
Linda Regenhardt, LLC*


# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served on all counsel of record via first class mail, postage prepaid this 28th day of November 2016, to:

Jeffrey J. Hines
Sarah L. Scott
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
*Counsel for Plaintiff*


/s/ Darcy C. Osta
Matthew W. Lee (VA Bar No. 40067)
Darcy C. Osta (VA Bar No. 76608)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
8444 Westpark Drive, Suite 510
McLean, Virginia 22102
703.245.9300
703.245.9301 (Facsimile)
Matthew.Lee@wilsonelser.com
Darcy.Osta@wilsonelser.com
*Counsel for Linda D. Regenhardt and Linda Regenhardt, LLC*