# Commonwealth of Virginia



Case No. CL16002964
Doc No: 2762460

# SUMMONS

## TO THE SHERIFF: YOU ARE HEREBY COMMANDED TO SERVE:

Serve: Linda D Regenhardt

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**Appearance in person is not required by this summons.**

Done in the name of The Commonwealth of Virginia, the 27th day of July, 2016.

*Nicole Hoffman*
Nicole Hoffman
Deputy Clerk

Edward Semonian
Clerk, Circuit Court
520 King Street #307
Alexandria, VA 22314
(703) 746-4044

EXHIBIT
A

Copy to Serve

# Commonwealth of Virginia



Case No. CL16002964
Doc No: 2762462

# SUMMONS

## TO THE SHERIFF: YOU ARE HEREBY COMMANDED TO SERVE:

Serve:   Linda Regenhardt LLC

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**Appearance in person is not required by this summons.**

Done in the name of The Commonwealth of Virginia, the 27th day of July, 2016.

*Nicole Hoffman*
Nicole Hoffman
Deputy Clerk

Edward Semonian
Clerk, Circuit Court
520 King Street #307
Alexandria, VA  22314
(703) 746-4044

Copy to Serve

VIRGINIA:        IN THE CIRCUIT COURT FOR THE CITY OF ALEXANDRIA

| | |
|---|---|
| MARC R. LABGOLD, | * |
| Plaintiff, | * |
| v. | * |
| LINDA D. REGENHARDT | * |
| And | * |
| LINDA REGENHARDT, LLC | * |
| Defendants | * |

CL16002964



## COMPLAINT

The Plaintiff, Marc R. Labgold, by and through counsel, states as follows:

### PARTIES

1. Plaintiff Marc R. Labgold, Ph.D. is a resident of the Commonwealth of Virginia, where he resides in Reston.

2. Defendant Linda D. Regenhardt, upon information and belief, is a resident of the State of Maryland and practices law in the Commonwealth of Virginia, with her principle place of business at 100 North Pitt Street, Suite 206, Alexandria, Virginia.

3. Defendant Linda Regenhardt, LLC, is a limited liability company with its principal place of business at 100 North Pitt Street, Suite 206, Alexandria, Virginia.

### JURISDICTION AND VENUE

4. This Court may exercise personal jurisdiction over Defendants in this action because they have and do transact business, including the transactions at issue in the present matter, within the Commonwealth of Virginia.

5. Venue is appropriate in this Court pursuant to Virginia Code Annotated § 8.01-262(1) & (4), because Alexandria, Virginia is the primary place of business for both Ms. Regenhardt and Linda Regenhardt, LLC and because the underlying negligent representation is associated with Dr. Labgold's bankruptcy petition, which was filed in the United States Bankruptcy Court, Eastern District of Virginia, Alexandria division.

## FACTS AND GENERAL ALLEGATIONS

6. Dr. Labgold was a patent attorney and partner at the Patton Boggs law firm when, in 2006, he took a leave of absence from Patton Boggs to become the CEO of a new biotechnology company called Antara Biosciences ("Antara").

7. Antara did not turn out to be a successful venture and suffered a series of financial setbacks in 2007 that caused it to cease operations. Dr. Labgold left Antara in July 2007 and, following his involvement in another venture, went back to the practice of law in 2009.

8. Beginning in late 2007, a series of lawsuits were filed by Antara investors and former employees for various claims, including breach of contract and unpaid wages. Dr. Labgold was included in the lawsuit filed by the former employees in September of 2012.

9. On December 21, 2012, Dr. Labgold married his long-time fiancé, Taryn Waiter. Because of the wedding and concerns over estate planning, on the advice of counsel, Dr. Labgold executed a deed of gift that transferred ownership of his house at 2257 Compass Point Lane in Reston, Virginia, to himself and his wife as tenants by the entirety on January 7, 2013.

10. At the time the Deed of Gift was signed, Dr. Labgold's law practice was generating significant monthly revenues. At that time, Dr. Labgold also believed that the Antara litigation was going to be successfully settled, with his former business partner Dana Ichinotsubo to pay half no less than half of any settlement.

11. In Spring of 2013, efforts to settle the Antara litigation proved unsuccessful and Dr. Labgold's legal fees rose, to approximately $60,000-$70,000 a month. Through the Spring of 2013, Dr. Labgold successfully resolved several pending litigation matters being handled on behalf of his clients, significantly reducing Dr. Labgold's workload and monthly cash flow. Dr. Labgold was suffering a monthly cash flow deficit.

12. In April 2013, Dr. and Mrs. Labgold met with Defendant Linda D. Regenhardt to discuss Dr. Labgold's financial difficulties and to seek legal advice concerning the possibility of filing for bankruptcy under Chapter 11. During that meeting, Ms. Regenhardt was informed that Dr. Labgold had transferred the marital home located at 2257 Compass Point Lane by deed of gift to himself and his wife as tenants by the entirety on January 13, 2013.

13. By June 2013, it was apparent that Dr. Labgold's monthly cash flow deficit would continue into the foreseeable future. Dr. Labgold informed Ms. Regenhardt that he wished to proceed with the preparation and filing of a Chapter 11 bankruptcy petition. Dr. Labgold began providing Ms. Regenhardt with the information she requested for the preparation of the bankruptcy petition.

14. Upon review of the provided materials, Ms. Regenhardt advised Dr. Labgold to immediately file a Chapter 7 bankruptcy. On information and belief, Ms. Regenhardt based her recommendation solely on the means test.

15. Despite being an experienced bankruptcy attorney, Ms. Regenhardt failed to inform Dr. Labgold that the transfer of the Compass Point Lane property within one year of his filing for bankruptcy protection would be carefully scrutinized by both the bankruptcy Trustee and the U.S. Trustee. Ms. Regenhardt further breached the standard of care by failing to advise Mr. Labgold that the U.S. Trustee could file an action seeking to deny any discharge under 11

3

U.S.C. 727 where a debtor has transferred a property within one year of filing for bankruptcy. Ms. Regenhardt breached the standard of care by advising Mr. Labgold to immediately file a Chapter 7 without warning Mr. Labgold of the potential risks. Ms Regenhardt further breached the standard of care by not advising Mr. Labgold of steps he could take to ensure that the U.S. trustee would take no 11 USC 727 action such as recommending that Mr. Labgold and his wife immediately transfer the property back to Mr. Labgold or that Ms. Labgold disavow the January 7 gift.

16. Dr. Labgold retained Ms. Regenhardt on April 23, 2013, by signing the Representation Letter.

17. Ms. Regenhardt opened her own practice, defendant Linda Regenhardt, LLC, July 1, 2016. She and her firm continued to represent Dr. Labgold.

18. On Ms. Regenhardt's advice, Dr. Labgold filed a voluntary Chapter 7 bankruptcy petition on July 23, 2013. Ms. Regenhardt prepared the petition.

19. Ms. Regenhardt made her error in recommending an immediate filing of a Chapter 7 petition worse by failing to correctly prepare the bankruptcy petition.

20. Specifically, Ms. Regenhardt misstated Mrs. Labgold's income on the petition to be lower than what Dr. Labgold had demonstrated to Ms. Regenhardt and she failed to fully list all of the assets of Dr. Labgold's law practice.

21. However, Ms. Regenhardt's most egregious error—and the reason both the Bankruptcy Court and the United States District Court for the Eastern District of Virginia gave for the continued denial of discharge for Dr. Labgold's debts—was that Ms. Regenhardt did not disclose the transfer of the real estate on the petition even though she knew that Dr. Labgold had transferred the property approximately six months prior to the bankruptcy petition.

22. This failure led directly to the bankruptcy Trustee questioning Dr. Labgold's motives and credibility.

23. During the first meeting of creditors, the Chapter 7 Trustee asked if the Compass Point property was held as tenants by the entirety. Ms. Regenhardt responded that it was. The Chapter 7 Trustee requested a copy of the deed concerning the Compass Point Lane property and later filed an adversary Complaint seeking to avoid the transfer of the property. The failure to include the Compass Point Lane property on the transfer list and instead claiming it to be exempt, gave rise to the Complaint, with the Trustee asserting that its transfer—and the failure to include it on the transfer list—demonstrated that Dr. Labgold was acting to, among others, hinder, delay, or defraud his creditors. After unnecessary litigation, Dr. Labgold settled this Complaint by paying $180,000 to the estate.

24. The United States Trustee ("UST") filed a second adversary Complaint with the UST asserting that the transfer—and the failure to include it on the transfer list—demonstrated that Dr. Labgold was acting to, among other things, hinder, delay, or defraud his creditors.

25. The action underlying the UST's Complaint was tried on December 11, 12 and 15, 2014, in the United States Bankruptcy Court for the Eastern District of Virginia.

26. Ms. Regenhardt testified on December 11, 2014 and repeatedly admitted that she made several mistakes concerning Dr. Labgold's bankruptcy petition. In particular, she testified that Dr. Labgold had fully disclosed the timing and nature of the transfer of the Compass Point Lane property and that she had discussed this transfer with Dr. Labgold; yet she failed to list the transfer on the transfer list, instead listed it as exempt, and then failed to catch this mistake before Dr. Labgold executed the petition. Despite the fact that this issue was raised at Dr. Labgold's deposition, taken by the UST, Ms. Regenhardt failed to advise Dr. Labgold that he

5

could and should amend the petition, and failed to advise him of the risks of not filing such an amendment. Dr. Labgold's "failure" to amend the petition was an issue relied upon by the UST at trial.

27. In resolving the case on or about January 14, 2015, the bankruptcy court found that Dr. Labgold had acted improperly to transfer the Compass Point Lane property to his new wife and then file for bankruptcy.

28. The bankruptcy court denied Dr. Labgold's discharge on or about January 15, 2015. The bankruptcy court decision was affirmed by the United States District Court for the Eastern District of Virginia on August 14, 2015 and the U.S. Court of Appeals for the Fourth Circuit on April 5, 2016.

29. As a result of Ms. Regenhardt's repeated negligence in failing to list the Compass Point transfer and other abnormalities in the petition, Dr. Labgold's unsecured debts in excess of $600,000 were not discharged and the Antara litigation continued. Ultimately, Dr. Labgold paid significant attorneys' fees in defending the litigation and ultimately settled it for a significant amount of money. Dr. Labgold suffered significant damages in excess of $1,000,000.00.

### FIRST CAUSE OF ACTION
### LEGAL MALPRACTICE
### (As to All Defendants)

30. Paragraphs 1-29 above are incorporated by reference herein.

31. Dr. Labgold had an attorney-client relationship with the Defendants.

32. By virtue of the attorney-client relationship with Dr. Labgold, Defendants owed a duty to him to represent him in a manner that conformed with the applicable standard of care.

33. Defendants breached their duties to Dr. Labgold.

34. As detailed above, Defendants breached their duties by among other things not properly advising Dr. Labgold to (1) have Mrs. Labgold disavow the transfer of the Compass Point Lane residence or have her transfer it back; (2) wait to file a Chapter 7 petition: or (3) file a Chapter 11 petition instead.

35. Additionally, Defendants breached their duties by improperly completing the Chapter 7 petition in several ways, the most problematic being that Defendants failed to disclose the transfer of the Compass Point Lane residence on the petition and, instead, claimed it as exempt.

36. Defendants further breached their duties by failing to correct this error prior to Dr. Labgold signing the petition, and then failing to advise Dr. Labgold that he could and should submit a revised petition disclosing the transfer—despite the transfer issue arising in Dr. Labgold's deposition.

37. Defendants' negligence caused damage to Dr. Labgold, including but not limited to having the court deny Dr. Labgold's discharge so that Dr. Labgold could not discharge over $600,000 of unsecured debt and the Antara litigation continued. Ultimately, Dr. Labgold paid significant attorneys' fees and had to settle for a significant amount of money. Dr. Labgold was forced to pay $180,000 to the trustee to retain his home, damages in the form of time and expenses Dr. Labgold was forced to incur for the bankruptcy trial and appeal, including unnecessary legal expenses in defending against the Chapter 7 Trustee's and United States Trustee's adversary complaints and other damages.

### SECOND CAUSE OF ACTION
### RESPONDEAT SUPERIOR
### (As To Defendant Linda Regenhardt, LLC)

38. Paragraphs 1-36 above are incorporated by reference herein.

39. In addition to the above allegations, the actions of Defendant Linda Regenhardt were acts and omissions within the scope of her employment as an attorney at Linda Regenhardt, LLC.

40. Accordingly, Defendant Linda Regenhardt, LLC is liable for Defendants' acts and omissions under the theory of respondeat superior.

WHEREFORE, Plaintiff Marc Labgold, Ph.D. seeks judgment in his favor in excess of $1,000,000, his attorneys' fees incurred herein, pre and post-judgment interest and for such other and further relief that this Honorable Court deems just and proper.

Respectfully submitted,

_____
Jeffrey J. Hines, Esquire (VA Bar No. 43508)
Sarah L. Scott, Esquire (not admitted in VA)
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
Telephone: 410-783-4000
Facsimile: 410-783-4040
*Attorneys for Plaintiff*

Dated: 7/21/16

### DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

_____
Jeffrey J. Hines

4829-8180-2549, v. 1