IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| MARC R. LABGOLD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:16-cv-01469-AJT-IDD |
| | ) |
| LINDA D. REGENHARDT, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT LINDA D. REGENHARDT, ESQ.'S AND LINDA REGENHARDT, LLC'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Linda D. Regenhardt, Esq. ("Ms. Regenhardt") and Linda Regenhardt, LLC, by and through undersigned counsel, hereby submit this memorandum in support of their motion to dismiss.

**I. INTRODUCTION.**

This lawsuit is appropriately dismissed because the plaintiff, Marc A. Labgold, Esq., lacks standing to institute and maintain the legal malpractice cause of action asserted in his complaint.  As is more fully set forth below, the alleged malpractice arises out of Mr. Labgold's chapter 7 bankruptcy case, filed with the U.S. Bankruptcy Court for the Eastern District of Virginia.  In that regard, it is well-settled that upon the filing of a bankruptcy petition, all assets, including legal causes of action, become the property of the bankruptcy estate.  Thereafter, the bankruptcy trustee is the only one who may pursue those causes of action, unless and until those assets/causes of action are abandoned back to the debtor.

The cause of action asserted in this lawsuit was not listed in Mr. Labgold's bankruptcy schedules.  Neither has Mr. Labgold's chapter 7 trustee, Donald King, abandoned the cause of

action back to Mr. Labgold.  Accordingly, the cause of action remains the property of the bankruptcy estate and Mr. King remains the sole person with standing to institute the present lawsuit.  Finally, as acknowledged by decisions from this Court and the Western District, when, as now, a chapter 7 debtor prosecutes a claim that is still the property of the bankruptcy estate, the lawsuit is appropriately dismissed for lack of subject matter jurisdiction.

## II.  BACKGROUND.

On December 21, 2012, Mr. Labgold married non-party Taryn Waiter Labgold.  On January 7, 2013, Mr. Labgold – based upon legal advice from Mark Sandground – transferred ownership of his residence, by deed of gift, to he and his wife as tenants by the entirety.

Following the transfer, Mr. Labgold entered into an attorney-client contract with defendant Linda Regenhardt.  The purpose of the retainer was to file a petition on Mr. Labgold's behalf seeking bankruptcy protection.

On July 23, 2013, Ms. Regenhardt filed a chapter 7 petition with the U.S. Bankruptcy Court for the Eastern District of Virginia.  The case was captioned: *In re Labgold*, Case No. 13-13389-BFK. [1]  Donald King was appointed as the chapter 7 trustee.

Mr. Labgold's bankruptcy schedules did not identify the legal malpractice cause of action asserted in this lawsuit as an asset.  *See* Case No. 13-13389-BFK, Dkt. No. 1.  Neither did Mr. Labgold amend his schedules to identify the cause of action. *Id.*

Following the filing of the petition, there were multiple adversary proceedings instituted against Mr. Labgold.  They included:

> (1) *Robbins v. Labgold*, Adv. Pro. # 14-01017 (U.S. Trustee's action that sought to deny discharge for multiple reasons under Section 727);

---

[1] A district court may take judicial notice of the records of its own bankruptcy court. *See Anderson v. F.D.I.C.*, 918 F.2d 1139, 1141, n. 1 (4th Cir. 1990).

  (2) *King v. Labgold*, Adv. Pro. # 14-01018 (Bankruptcy trustee's action that sought compensation for equity in residence);

  (3) *Ammini v. Labgold*, Adv. Pro. #14-01043 (Sought to deny discharge to, and impose monetary damages upon, Mr. Labgold for his alleged fraud involving an entity known as Antara Biosciences, Inc.).

A three-day trial was held on the U.S. Trustee's complaint on December 11, 12 and 15, 2014. After which, Judge Kenney issued that court's "Findings of Fact and Conclusions of Law." *See* Adversary Case No. 14-01017, Dkt. No. 48.

In its 16-page decision, that court concluded that Mr. Labgold transferred his primary residence to himself and his newlywed wife in January 2013, in an effort to hinder, delay or defraud creditors. *Id.* at p. 10. In that regard, the bankruptcy court concluded that the transfer exhibited almost all of the badges of fraud, except for "concealment" of the transfer itself. *Id.* at pp. 11-12.[2]

Mr. Labgold's defense was that the transfer was done for legitimate estate planning purposes. That defense was supported by the testimony of Mr. Labgold and his "estate attorney," and friend, Mark Sandground. The bankruptcy court "reject[ed]" that defense as not supported by the evidence. *Id.* at pp. 12-13. Finally, the bankruptcy court concluded that, at the time the transfer was made, Mr. Labgold was not able to satisfy a judgment in favor of the Ammini plaintiffs in a California lawsuit. *Id.* at pp. 13-15.

Mr. Labgold appealed to this Court. *See Labgold v. Robbins,* Case No. 1:15-cv-00123 (GBL/IID). The two issues on appeal were whether the bankruptcy court: (1) erred in rejecting the estate planning defense; and/or (2) erred in concluding that Mr. Labgold could not satisfy a judgment in the California lawsuit. In an August 14, 2015 decision, this Court affirmed the

---

[2] It is significant to note that Ms. Robbins sought denial of discharge under different portions of Section 727 and grounds separate and apart from the fraudulent transfer of the residence.

3

700550v.1

bankruptcy court denial of discharge. *See* Case No. 1:15-cv-00123, Doc. No. 18. On April 15, 2016, the U.S. Court of Appeals affirmed this Court's decision. Doc. No. 22.

On July 22, 2016, Mr. Labgold instituted this lawsuit, in his own name, in the Circuit Court for the City of Alexandria, under Case No. CL-16-2964. In his complaint, Mr. Labgold, who is an attorney, alleges that Ms. Regenhardt, *inter alia*, negligently: advised him to file a chapter 7 petition; failed to properly advise him regarding his January 2013 transfer of his residence; and failed to list the transfer in Mr. Labgold's statement of financial affairs.[3] *See* Complaint at ¶¶ 15-21.

Mr. Labgold's bankruptcy case was not closed until October 4, 2016.[4] *See* Case No. 13-13389-BFK, Dkt. No. 404. Prior to the closing of the case, Mr. Labgold's schedules were not amended to reflect this cause of action as an asset. Further, neither the bankruptcy court nor the trustee abandoned the cause of action back to Mr. Labgold.

### III. ARGUMENT.

A.   Rule 12(b)(1) Standard.

The burden is on the plaintiff to prove that the court has subject matter jurisdiction. *See United States v. Hays*, 515 U.S. 737, 743 (1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A motion to dismiss under Rule 12(b)(1) attacks the court's "very power to hear the case." *White v. CMA Constr. Co.*, 947 F. Supp. 231, 233 (E.D. Va. 1996) (quoting *Mortensen v. First Fed. Savs. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). When a defendant challenges the court's subject matter jurisdiction over the case apart from the pleadings, "the district court may

---

[3] It was, however, listed as exempt property. And, again, the bankruptcy court specifically found that the badge of fraud of "concealment" was absent. Dkt. No. 48 at p. 12.

[4] Even after the denial of discharge, Mr. King continued to administer assets of the estate and successfully objected to multiple claims by Mr. Labgold's creditors.

4

regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004). "[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *White*, 947 F. Supp. at 233 (quoting *Mortensen*, 549 F.2d at 891). If the court lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).[5]

B. Mr. Labgold Lacks Standing to Maintain the Legal Malpractice Cause of Action Asserted in this Lawsuit.

As is set forth in more detail below, the issues raised herein are governed by both federal and Virginia law.

1. *The Cause of Action Asserted in this Lawsuit Remains Property of the Bankruptcy Estate*.

The filing of a Chapter 7 bankruptcy petition creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The bankruptcy estate further includes "any interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(7). "The scope of Section 541 is broad and includes intangible property such as a cause of action." *In re: Wilson*, 94 B.R. 886, 888 (E.D. Va. 1989); *see also Tignor v. Parkinson,* 729 F.2d 977, 980-981 (4th Cir. 1984). Legal malpractice claims, including the attorney's alleged malpractice in advising the debtors regarding their bankruptcy, the preparation of the bankruptcy petition, and its ultimate filing, are all causes of action that become property of the bankruptcy estate. *See Shipman v. Kruck*, 267 Va. 495, 503-504, 593 S.E.2d 319, 323 (2004); *see also In Re: Richman*, 1997 U.S. App. LEXIS 16159, *4 (4th Cir. 1997).

---

[5] Alternatively, Ms. Regenhardt moves for entry of summary judgment under Fed. R. Civ. P. 56.

700550v.1

By operation of law, the legal malpractice cause of action asserted in this case was and is the property of the bankruptcy estate. The claim arises out of the attorney-client relationship between Mr. Labgold and Ms. Regenhardt. The malpractice allegedly occurred leading up to and the filing of Mr. Labgold's July 23, 2013 chapter 7 petition. Further, any alleged post-petition breaches of the standard of care were all within the course of Ms. Regenhardt's representation of Mr. Labgold in his bankruptcy case. As such, those claims are sufficiently rooted in pre-petition events, i.e., the attorney-client contract and allegedly substandard legal advice leading up to the filing of, and subsumed within, the petition and/or are properly considered after acquired property under Section 541(a)(7). *See In Re: Richman*, at *4 ("**any legal malpractice claim arising from the [attorney's] advisement and handling of the [debtor's] bankruptcy proceeding is properly characterized as property of the estate**") (emphasis added).

2. *Upon the Formation of the Bankruptcy Estate, the Trustee, Alone, has Standing to Assert the Cause of Action Maintained in this Lawsuit.*

Once a cause of action becomes the property of the estate, only the trustee has standing to bring that claim. *See National American Insurance Co. v. Ruppert Landscaping, Inc.*, 187 F.3d 439, 441 (4th Cir. 1999). This remains true, unless the claim is identified as exempt or abandoned back to the debtor.[6]

3. *The Trustee has Never Abandoned the Cause of Action Asserted in this Lawsuit back to the Plaintiff.*

Of course, a trustee may abandon an asset of an estate back to a debtor; but that has not occurred in this case. Section 554 of the Bankruptcy Code provides three methods by which a trustee may abandon property of the estate:

---

[6] The legal malpractice claim in this lawsuit is not subject to exemption.

700550v.1

> (a) After notice and a hearing, the trustee may abandon the property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate; or
>
> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon property of the estate that is burdensome…or that is of inconsequential value and benefit…; or
>
> (c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise not otherwise administered at the time of the closing of a case is abandoned to the debtor.

11 U.S.C. §554(a), (b), & (c). An asset of the estate that is not abandoned under one of the above enumerated methods remains the property of the estate. *See* 11 U.S.C. §554 (d).

None of the three methods of abandonment occurred in Mr. Labgold's bankruptcy case. The methods identified in (a) and (b) do not apply, as Mr. King has not moved the bankruptcy court to abandon the cause of action asserted herein. Neither does (c) apply because the legal malpractice cause of action asserted against Ms. Regenhardt was never listed as an asset in Mr. Labgold's bankruptcy schedules. *See Stanley Paint Co. v. Sherwin-Williams Co.*, 156 B.R. 25, 27 (E.D. Va. 1993); *accord Kepley Broscious, PLC v. Ahearn*, 318 B.R. 638 (E.D. Va. 2003). Therefore, Mr. Labgold's bankruptcy estate has not abandoned the cause of action asserted in this lawsuit and the trustee remains the sole individual with authority to pursue the claim asserted here.

    4. *Mr. Labgold Lacks Standing*.

Under Virginia law, a lawsuit that is instituted by one without legal authority to do so is a legal nullity. *See Kocher v. Campbell*, 282 Va. 113, 119, 712 S.E.2d 477, 480 (2011) (unless and until the bankruptcy court concludes that a cause of action is exempt from the bankruptcy estate or is abandoned, the debtor lacks standing under Virginia law to prosecute the cause of action

7

and any such lawsuit is a legal nullity under the law) (citing *Johnston v. Memorial Hosp. v. Bazemore*, 277 Va. 308, 312, 672 S.E.2d 858, 860 (2009)). Instead, the sole recourse is the dismissal of the lawsuit "followed by a new action brought in the name of a proper plaintiff." *Brake v. Payne*, 268 Va. 92, 98-99, 597 S.E.2d 59, 63 (2004) (quoting *Chesapeake House on the Bay, Inc. v. Virginia National Bank*, 231 Va. 440, 442-43, 344 S.E.2d 913, 915 (1986)).

Applying the foregoing principles, "district courts [in Virginia and in the Fourth Circuit]…have dismissed a plaintiff's claims for lack of subject matter jurisdiction where" the cause of action asserted remained the property of the plaintiff-debtor's chapter 7 bankruptcy estate. *See Canterbury v. J.P. Morgan Acquisition Corp.*, 958 F. Supp. 2d 637, 650, n. 5 (W.D. Va. 2013); *see also*, *Jimenez v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 98361, *9 (E.D. Va. 2016); *Robertson v. Flowers Baking Co. of Lynchburg, LLC*, 2012 U.S. Dist. LEXIS, **13-14 (W.D. Va. 2012); *Bluemark, Inc. v. Geeks on Call Holdings, Inc.*, 2009 U.S. Dist. LEXIS 121984, **8-9 (E.D. Va. 2009).

The cause of action asserted in this lawsuit was never listed as an asset in Mr. Labgold's bankruptcy schedules. Further, it was never abandoned by the trustee, and, as such, it remains the property of the bankruptcy estate. While property of the estate, the bankruptcy trustee remains the sole person who may assert the cause of action and, as a corollary, Mr. Labgold has no standing to act as the plaintiff. This remains true even after the closure of the bankruptcy case. *See Jimenez*, 2016 U.S. Dist LEXIS 98361 at *10. Accordingly, this lawsuit is properly dismissed.

### IV. CONCLUSION.

WHEREFORE, for the foregoing reasons, those that will be set forth in a subsequent reply brief and those that will be urged upon the Court at oral argument, defendants Linda D.

8

700550v.1

Regenhardt and Linda Regenhardt, LLC respectfully request that the Court grant their motion to dismiss and thereby dismiss this lawsuit.

             Respectfully submitted,

             */s/ Matthew W. Lee*
             Matthew W. Lee (VA Bar No. 40067)
             Darcy C. Osta (VA Bar No. 76608)
             WILSON, ELSER, MOSKOWITZ,
             EDELMAN & DICKER LLP
             8444 Westpark Drive, Suite 510
             McLean, Virginia 22102
             703.245.9300
             703.245.9301 (Facsimile)
             Matthew.Lee@wilsonelser.com
             Darcy.Osta@wilsonelser.com
             *Counsel for Linda D. Regenhardt and Linda*
             *Regenhardt, LLC*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 22nd day of February, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Jeffrey J. Hines, Esquire
    Craig S. Brodsky, Esquire
    Sarah L. Scott, Esquire
    Goodell, DeVries, Leech & Dann, LLP
    One South Street, 20th Floor
    Baltimore, Maryland 21202
    jjh@gdldlaw.com
    csb@gdldlaw.com
    *Counsel for Plaintiff*

             */s/ Matthew W. Lee*
             Matthew W. Lee