**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| MARC R. LABGOLD  Plaintiff,  v.  LINDA D. REGENHARDT, et al.  Defendants. | Case No. 1:16-cv-01469-AJT-IDD |

**DEFENDANT LINDA D. REGENHARDT, ESQ.'S AND LINDA REGENHARDT, LLC'S
<u>AMENDED ANSWER</u>**

COME NOW Defendants Linda D. Regenhardt, Esq. ("Ms. Regenhardt") and Linda Regenhardt, LLC (collectively "Defendants"), by counsel, and hereby file this Answer and Grounds of Defense to the Plaintiff's Complaint ("Complaint") and state as follows:

1. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint contains conclusions of law to which no response is required.

5. Paragraph 5 of the Complaint contains conclusions of law to which no response is required.

6. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, therefore, said allegations are denied.

8. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, therefore, said allegations are denied.

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 9 of the Complaint, therefore said allegations are denied. Defendants specifically deny the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, therefore, said allegations are denied.

11. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, therefore, said allegations are denied.

12. Defendants admit that Ms. Regenhardt met with Plaintiff on April 25, 2013, but specifically deny that Mrs. Labgold was present during that meeting. Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit that in June of 2013, the Plaintiff began to provide Ms. Regenhardt with information necessary to prepare the Plaintiff's bankruptcy petition. Defendants deny, as phrased, the allegations contained in the second sentence of Paragraph 13 of the Complaint. Defendants lack sufficient knowledge or information to form a belief as to the

2

701138v.1

truth of the remaining allegations contained in Paragraph 13 of the Complaint, therefore, said allegations are denied.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants admit only that Ms. Regenhardt is an experienced bankruptcy attorney, and deny the remaining allegations contained in Paragraph 15 of the Complaint and demand strict proof thereof.

16. Defendants admit that Plaintiff signed a written Representation Letter retaining Ms. Regenhardt, but deny that the Representation Letter was executed on April 23, 2015.

17. Defendants admit that Ms. Regenhardt opened her own practice and that she continued to represent the Plaintiff after doing so, but deny that Ms. Regenhardt's representation continued through July 1, 2016. Defendants deny the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendants admit that on July 23, 2013, Ms. Regenhardt filed a voluntary Chapter 7 bankruptcy petition on behalf of the Plaintiff, but deny, as phrased, the remaining allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint and demand strict proof thereof.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint and demand strict proof thereof.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint and demand strict proof thereof.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint and demand strict proof thereof.

701138v.1

23. Defendants admit that during the first meeting of creditors, the Chapter 7 Trustee asked if the Compass Point property[1] was held as tenants by the entirety and that Ms. Regenhardt responded that it was. Defendants further admit that the Chapter 7 Trustee requested a copy of the deed concerning the Compass Point Lane property and that a copy was provided to the Chapter 7 Trustee that same day. Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint and demand strict proof thereof.

24. Defendants deny, as phrased, the allegations contained in Paragraph 24 of the Complaint and demand strict proof thereof.

25. Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26. Defendants admit only that Ms. Regenhardt testified before the United States Bankruptcy Court for the Eastern District of Virginia in the adversary proceeding filed by the United States Trustee on December 11, 2014. To the extent the factual allegations contained in the first sentence of Paragraph 26 do not comport with or paraphrase the actual written substance of the transcript of Ms. Regenhardt's testimony, then those allegations are deemed denied. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 26 of the Complaint, and therefore, said allegations are denied. Defendants specifically deny the remaining allegations contained in Paragraph 26 of the Complaint and request strict proof thereof.

27. Defendants admit that, after hearing evidence on December 11, 12, and 15, 2015, Judge Kenney of the United States Bankruptcy Court for the Eastern District of Virginia specifically found that "given the circumstances surrounding the transfer," the Plaintiff "intended to hinder, delay or defraud his creditors when he transferred the Compass Point Lane property to

---

[1] As defined by Plaintiff's Complaint.

701138v.1

himself and his wife as tenants by the entirety." Defendants deny, as phrased, the remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendants admit that the bankruptcy court denied Plaintiff's discharge in an order entered on January 14, 2015. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 28.

29. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 29, therefore, said allegations are denied. Defendants specifically deny the remaining allegations contained in Paragraph 29 of the Complaint and demand strict proof thereof.

## FIRST CAUSE OF ACTION
### LEGAL MALPRACTICE
**(As to All Defendants)**

30. Defendants incorporate their prior responses to Paragraphs 1-29 of the Complaint, as if fully set forth herein.

31. Defendants admit the allegations contained in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint is not a factual allegation but rather a putative statement or conclusion of law, and therefore, does not require a response.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint and demand strict proof thereof.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint and demand strict proof thereof.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint and demand strict proof thereof.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint and demand strict proof thereof.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint and demand strict proof thereof.

## SECOND CAUSE OF ACTION
## RESPONDEAT SUPERIOR
### (As to Defendant Linda Regenhardt, LLC)

38. Defendants incorporate their prior responses to Paragraphs 1-37 of the Complaint, as if fully set forth herein.

39. Paragraph 39 of the Complaint is not a factual allegation but rather a putative statement or conclusion of law, and therefore, does not require a response.

40. Paragraph 40 of the Complaint is not a factual allegation but rather a putative statement or conclusion of law, and therefore, does not require a response.

Any and all allegations not specifically admitted, denied or avoided are denied.

Defendants further deny that Plaintiff is entitled to recover any of the damages set forth in the Complaint.

Defendants request a trial by jury on all counts.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses to Plaintiff's Complaint:

## FIRST DEFENSE

This Court lacks jurisdiction over this matter as the dispute is subject to a mandatory and binding arbitration clause contained in Exhibit B to the Representation Letter executed by Plaintiff on April 25, 2013.

### SECOND DEFENSE

Plaintiff's sole remedy is to submit this matter to arbitration pursuant to the terms of the agreement between the parties.

### THIRD DEFENSE

Plaintiff fails to state a claim against Defendant Linda D. Regenhardt, Esq. upon which relief may be granted.

### FOURTH DEFENSE

Plaintiff fails to state a claim against Defendant Linda Regenhardt, LLC upon which relief may be granted, as Count II for "Respondeat Superior" does not constitute an actionable claim or cause of action in Virginia.

### FIFTH DEFENSE

Plaintiff's claims are or may be barred by contributory negligence.

### SIXTH DEFENSE

Plaintiff's alleged damages were not the result of any act or omission on the part of Defendants.

### SEVENTH DEFENSE

Defendants deny any responsibility for the claims asserted herein, but to the extent that Plaintiff has been damaged as alleged herein, said damages have been caused by others over whom Defendants have control.

### EIGHTH DEFENSE

Plaintiff's damages, to the extent they exist, are barred due to Plaintiff's failure to mitigate.

NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of *res judicata*.

TENTH DEFENSE

Plaintiff's legal malpractice claim is barred by the doctrine of *in pari delicto*.

ELEVENTH DEFENSE

As to each and every cause of action contained in Plaintiff's Complaint, Defendants reserve the right to rely on and amend this Answer to include additional affirmative defenses as may be manifested through discovery, by the law and evidence herein.

WHEREFORE, Defendants Linda D. Regenhardt, Esq. and Linda Regenhardt, LLC pray that Plaintiff's Complaint be dismissed that Defendants be awarded his fees and costs and such other relief as this Court deems proper.

Respectfully submitted,

*/s/ Matthew W. Lee*
Matthew W. Lee (VA Bar No. 40067)
Darcy C. Osta (VA Bar No. 76608)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
8444 Westpark Drive, Suite 510
McLean, Virginia 22102
703.245.9300
703.245.9301 (Facsimile)
Matthew.Lee@wilsonelser.com
Darcy.Osta@wilsonelser.com
*Counsel for Linda D. Regenhardt and Linda Regenhardt, LLC*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 22nd day of February, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Jeffrey J. Hines, Esquire
    Craig S. Brodsky, Esquire
    Sarah L. Scott, Esquire
    Goodell, DeVries, Leech & Dann, LLP
    One South Street, 20th Floor
    Baltimore, Maryland 21202
    jjh@gdldlaw.com
    csb@gdldlaw.com
    *Counsel for Plaintiff*

                */s/ Matthew W. Lee*
                Matthew W. Lee